**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-99-00759-034-TUC-CKJ (HCE) |
| Plaintiff, | **ORDER** |
| v. | |
| Ruben Ultreras, | |
| Defendant. | |

Before the Court is Defendant Ruben Ultreras' Motion for Compassionate Release. (Doc. 2387) The Federal Public Defender has filed a Notice Regarding Defendant's Pro Se Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) indicating that he sees no basis for appointment of counsel at this time. (Doc. 2388) For the reasons that follow, Defendant's motion is denied.

## BACKGROUND AND PROCEDURAL HISTORY

On October 31, 2007, a jury found Defendant guilty of conspiracy to possess with intent to distribute over 8,000 kilograms (approximately 17,715 lbs.) of cocaine. (Doc. 2128) On June 30, 2008, Defendant was sentenced to a 300-month term of incarceration followed by 60 months of supervised release. (Doc. 2209-10) In reaching this sentence, the Honorable John M. Roll adopted the sentencing guideline calculation outlined in the Presentence Investigation Report ("PSR"). (Doc. 2233 at 14) At the time of Defendant's sentencing, the 2007 Guidelines Manual was in effect, which provided that 150 kg or more

of cocaine would result in a base offense level of 38, which was the highest level on the drug quantity table. U.S. Sent'g Guidelines Manual § 2D1.1(c)(1) (U.S. Sent'g Comm'n 2007). Judge Roll adopted the facts as set forth in the PSR, found Defendant's total offense level to be 40 with a criminal history category of I, which resulted in a guideline sentencing range of 292 to 365 months imprisonment. *Id*. at 14.

On January 24, 2022, Defendant filed his Motion for Compassionate Release asserting that he believed that he was a good candidate for early release because: (i) he is fifty-two years old and has served 71% of his sentence; (ii) he is obese, suffers from high cholesterol and high blood pressure; (iii) he is housed in cramped living quarters; (iv) he has not received any disciplinary complaints while incarcerated; (v) he will be deported upon release and has a strong familial support group to help him; and (vi) he is a non-violent offender. (Doc. 2387 at 1) In Defendant's motion, he also requests the appointment of pro bono counsel. *Id*.

On February 28, 2022, the Federal Public Defender filed a Notice Regarding Defendant's Pro Se Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) stating that it did not appear from the face of Defendant's motion that he suffers from a medical condition that is not adequately being treated at his facility and that this Court has previously ruled that conditions of confinement fail to rise to the level of an extraordinary and compelling reason for a sentence reduction. (Doc. 2388 at 3) This Order follows.

## LEGAL STANDARD

"In 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010), to reduce the disparate treatment of offenders who dealt crack cocaine compared to offenders who dealt powder cocaine." *United States v. Kelley*, 962 F.3d 470, 471-72 (9th Cir. 2020). On December 21, 2018, "[e]ight years after the Fair Sentencing Act, Congress enacted the First Step Act to implement various criminal-justice reforms." *Id*. at 472. "The Act was the culmination of several years of congressional debate about what Congress might do to reduce the size of the federal prison population while also creating mechanisms to maintain public safety." Timothy A. Scott & Larry A. Burns,

*Ninth Circuit Criminal Handbook* § 14.18[3] (2020). Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release.

Section 603(b) of the First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). The statute now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A).

A court's reduction of a sentence under 18 U.S.C. § 3582(c)(1)(A) is extraordinary and reserved for "compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." 28 C.F.R. § 571.60. The United States Court of Appeals for the Ninth Circuit has interpreted the First Step Act as "not permitting a plenary resentencing hearing" but instead allowing a district court to engage in a limited counterfactual inquiry. *Kelley*, 962 F.3d at 475-76. Notwithstanding a court's limited counterfactual inquiry, the Act itself grants federal courts broad discretion in determining whether to grant compassionate release. *See* First Step Act, § 404(c), 132 Stat. 5194, 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to his section."); *United States v. Parker*, 461 F. Supp. 3d 966, 974 (C.D. Cal. 2020) (cleaned up) ("The FSA grants broad discretion to the district courts in providing relief.").

Section 3582, as amended by the First Step Act, provides:

> **Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--(1) in any case--(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit has determined that "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant. The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, *but they are not binding*." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (emphasis added).

## DISCUSSION

Defendant contends that he is 52 years old, is obese, suffers from high cholesterol and high blood pressure, and is borderline diabetic. (Doc. 2387 at 1)  Defendant files his motion for appointment of counsel arguing that he qualifies for compassionate release under § 3582(c)(A)(1)(i) because: (i) he has served 71% of his sentence; (ii) he suffers from various physical ailments; (iii) he is housed in cramped living quarters; (iv) he has a clean prison disciplinary record; (v) he will be deported upon release and has a strong familial support group to help him; and (vi) he is a non-violent offender. *Id*.

From 1995 to May 1999, Defendant was involved in one of the largest cocaine smuggling conspiracies to be prosecuted in the District of Arizona.  While the cocaine Defendant helped to traffic was being stored, it was frequently guarded by individuals armed with machine guns. During the conspiracy, there were two seizures of cocaine. The first occurred on December 3, 1996, when approximately 5,092 kilograms (11,226 pounds) of cocaine was seized in Tucson.  The second seizure took place in December 1998 and

involved approximately 1,181 kilograms (2,600 pounds) of cocaine.

Defendant fails to demonstrate the "extraordinary and compelling reasons" necessary for a sentence reduction under § 3582(c)(1)(A). Defendant's age and medical condition fail to constitute an extraordinary and compelling reason for early release. *See United States v. Partida*, No.CR-17-8260-001-PCT-DGC, 2020 WL 3050705, at *6 (D. Ariz. June 8, 2020) (denying compassionate release to an "elderly" inmate who suffered from hypertension and high cholesterol). The same can be said for Defendant's cramped living arrangement. *See United States v. Cuevas-Sotelo*, No. CR 15-2148-TUC-CKJ, 2021 WL 1759884, at *4 (D. Ariz. May 4, 2021) (denying compassionate release to defendant who complained of facilities that were over-crowded petri dishes where social distancing was impossible). Moreover, none of the additional circumstances Defendant raises constitute extraordinary and compelling reasons for compassionate release. Finding that Defendant fails to allege any extraordinary and compelling reasons to justify a sentence reduction, the Court exercises its discretion in also denying Defendant's request for appointment of counsel.

**IT IS ORDERED:**

1. Defendant's Motion for Compassionate Release (Doc. 2387) is DENIED.

2. This case shall remain CLOSED.

3. The Clerk of Court is directed to send a copy of this Order to Defendant at the following address:

**Ruben Ultreras, #67427-180**
**FCI Big Spring**
**1900 Simler Avenue**
**Big Spring, TX 79720**

Dated this 4th day of March, 2022.

_____
Honorable Cindy K. Jorgenson
United States District Judge